JOHN SCHELLY, RESPONDENT, *v.* PETER ZINK AND OTHERS, APPELLANTS.

*Order of arrest — neglect of party procuring, to enter judgment when it is in his power so to do — Code, § 288 — discharge by order under — vacating said order — effect of.*

APPEAL from an order of the Special Term denying the motion of the appellant for discharge from imprisonment under execution.

The appellant was arrested on an order of arrest, and not giving bail remained in actual custody under the order. He appeared in the action by attorney upon whom the complaint was served. No answer was served to the complaint, and the appellant claiming that the plaintiff had neglected to enter judgment in the action after it was in his power so to do, moved, under the provisions of section 288 of the Code, for an order discharging him from custody. He obtained an order upon affidavits to show cause why he should not

be discharged from custody. The order was returnable on the 12th of July, 1875, at ten and a-half A. M. On that day it was adjourned to the sixteenth of July, and on the sixteenth of July it was further adjourned to July nineteenth at ten and a-half A. M. At the adjourned hour, on the nineteenth of July, the appellant's attorney appeared, and no one appearing to oppose took an order by default for the discharge of the appellant from custody. The attorney for the respondent appeared at eleven A. M., supposing that that was the hour to which the motion stood adjourned, and upon learning that his default had been taken called the attention of the court to the fact of his impression as to the hour of adjournment. The court, thereupon, directed that no order be entered, until the plaintiff's attorney saw the attorney for the appellant, in order that an hour might be fixed to have the motion argued. Plaintiff's attorney immediately applied to the attorney of the appellant, who consented that the proceedings stand adjourned to the following day at ten o'clock A. M., and indorsed his consent, subscribing the same on the papers. Before doing this, however, the order by default had been entered and the appellant had been discharged from the custody of the sheriff. On the twentieth the attorneys for the respective parties appeared at the Special Term and the motion was argued, and an order was made on that day vacating and setting aside the order by default, entered on the nineteenth of July, and remanding the appellant to the custody of the sheriff upon the order of arrest and denying the relief asked for by the motion for discharge, on condition the plaintiff enter judgment in three days against the appellant, otherwise the motion was granted. Judgment having been entered as required by this order, upon which an execution against the property had been returned unsatisfied, an execution was issued against the body of the appellant on which he was arrested and held in custody by the sheriff, and this motion is for the discharge of the appellant from imprisonment on the execution so issued. No appeal was taken from the order of July twentieth.

The court at General Term said: " The only question is whether the order taken by default on the nineteenth, and upon which the appellant was actually discharged, was such a *supersedeas* of the arrest and of the order upon which it was made that it could not be restored by the court, as was sought to be done, by vacating the order

of default and hearing and disposing of the motion on its merits. Section 288 of the Code, after providing for the application for discharge, concludes with these words, ' and after being so discharged such defendant shall not be arrested upon any execution issued in such action.'

A very ingenious argument was made by the learned counsel for the appellant, based upon this provision of the Code and upon the fact that the appellant had been actually discharged under the order of the nineteenth, to the effect that the order of discharge having been executed the same could not be opened or vacated so as to restore the parties to their former condition, and that the attorney of the appellant had no authority to consent to open the same for such purpose. We are of the opinion, however, that the circumstances of this case do not bring it within the authorities or the principle cited and relied upon by him.

The attorney's power was not exhausted, even had his retainer been special, for the motion had not been heard upon its merits and it was within his authority to open the default and allow the motion to be heard on its merits. His indorsement of an adjournment of the motion to the twentieth, made on the nineteenth, and immediately after the order had been entered, was equivalent to a stipulation to waive the default and allow the motion to be heard on the merits, and that the order already entered by default depend upon the result of that motion. This is practically what was done; and when the parties appeared on the following day and argued the motion the court had jurisdiction to ratify the order by default and all that had been done under it, or to vacate that order absolutely and dispose of the motion upon its merits. The latter course was taken and we think it was effectual, and if not appealed from final.

We are, therefore, of opinion that the appellant was properly arrested on the execution, and that the order of the court below denying the motion for his discharge should be affirmed, with ten dollars costs and disbursements."

*Ira Shafer*, for the appellant. *A. J. Vanderpoel*, for the respondent.

Opinion by DAVIS, P. J ; BRADY, J., concurred. INGALLS, J., not sitting.

Order affirmed, with ten dollars costs, and disbursements.